IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **READING HEALTH SYSTEM,** | : | **CIVIL ACTION** |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | No. 15-cv-1412 |
|  | : |  |
| **BEAR STEARNS 7 CO., INC., n/k/a J.P.** | : |  |
| **MORGAN SECURITIES LLC,** | : |  |
| Defendant. | : |  |

**O R D E R**

**AND NOW**, this 18th day of February, 2016, upon consideration of the Defendant's Motion to Transfer Pursuant to 28 U.S.C. § 1404 (Doc. No. 8), it is it is hereby **ORDERED** that said Motion is **DENIED**.[1]

---

[1] The Plaintiff moves to compel the Defendant, now known as J.P. Morgan Securities LLC to submit their dispute to arbitration with the Financial Industry Regulatory Authority ("FINRA"). Pursuant to 28 U.S.C. § 1404, the Defendant seeks to transfer venue to the United States District Court for the Southern District of New York. See Doc. No. 8. In support of its argument that this action must be transferred to the Southern District of New York, the defendant references two Broker-Dealer Agreements, one dated in 2007 and the other dated in 2005. See Doc. Nos. 18-3 & 18-2. Both agreements contain forum selection clauses, which state that all "actions and proceedings arising out" of the agreements shall be brought in specific venues. See Doc. No. 18-3 at 13; Doc. No. 18-2 at 14. The 2007 agreement dictates that the venue shall be the United States District Court in the County of New York, while the 2005 agreement states that the venue shall be the County of New York. See Doc. No. 18-3 at 13; Doc. No. 18-2 at 14. Pursuant to Third Circuit precedent, however, these clauses do not dictate that I transfer venue.

A forum selection clause that does not reference arbitration does not establish the judicial forum in which one must compel arbitration. See Patten Sec. Corp. v. Diamond Greyhound & Genetics, Inc., 819 F.2d 400, 406–7 (3d Cir. 1987) abrogated on other grounds by Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 287 (1988). In Patten, the Third Circuit reasoned that "a party signing a waiver must know what rights it is waiving." Id. at 407. Thus, a forum selection clause that did not specifically reference arbitration, was not subject to the parties' forum selection clause. Id. Furthermore, the court noted that "there [was] nothing inconsistent between the arbitration obligation and the instant forum selection clause" because "[b]oth can be given effect, for arbitration awards are not self-enforceable." Id. Rather, an arbitration award "may only be enforced by subsequent judicial action." Id. Thus, the clause dictated the location where any action to enforce the award could be pursued. Id.; see also New Jersey Physicians United Reciprocal Exch. v. Ace Underwriting Agencies Ltd., No. CIV.A. 12-04397 FLW, 2013 WL 1558716, at *5 (D.N.J. Apr. 11, 2013) (holding that, under Patten's reasoning, a service of suit clause that failed to reference arbitration did not preclude a dispute from being submitted to arbitration).

1

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Compel Arbitration (Doc. No. 3) is **GRANTED** and the Defendant's Cross Motion to Enjoin Arbitration (Doc. No. 19) is **DENIED.**[2]  The parties are directed to arbitrate their dispute under the provisions of the Code of Arbitration Procedure for Customer Disputes of FINRA.

The Clerk of this Court is directed to mark this case as **CLOSED.**

BY THE COURT:


 s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.

---

Under the court's reasoning in Patten, here, the forum selection clauses that are contained within the 2005 and 2007 Agreements do not require that I transfer venue to the Southern District of New York.  Instead, because I am satisfied that this court would have jurisdiction over the underlying substantive dispute pursuant to 28 U.S.C. § 1332, I will deny the defendant's motion to transfer venue. See also GGNSC Lancaster v. Roberts, No. CIV.A. 13-5291, 2014 WL 1281130, at *2 (E.D. Pa. Mar. 31, 2014) (noting that a "federal court only has jurisdiction over the petition to compel arbitration if the federal court could have jurisdiction over the underlying substantive dispute.") (citing Vaden v. Discover Bank, 556 U.S. 49,62 (2009).

[2] The Plaintiff seeks an Order compelling the Defendant to submit their dispute to FINRA arbitration. See Compl.; see also Doc. No. 8.  Under the Federal Arbitration Act (the "FAA"), there is a strong policy in favor of arbitration and "[a]ny doubt over whether a particular dispute is covered by an arbitration agreement should be resolved in favor of arbitration.  Morina v. Neiman Marcus Grp., Inc., No. CIV.A. 14-1394, 2014 WL 4933022, at *5 (E.D. Pa. Oct. 1, 2014) (citing AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 650 (1986)); see also John Hancock Mut. Life Ins. Co. v. Olick, 151 F.3d 132, 136 –37 (3d Cir. 1998) ("Arbitration is, above all, a matter of contract and courts must respect the parties' bargained-for method of dispute resolution . . . .Thus, there is a strong policy in favor of arbitration and courts must resist the attempt to intrude upon arbitration proceedings. . . .").

The Third Circuit has enumerated a two-part inquiry that courts must use when determining whether arbitration should be compelled.  See John Hancock Mut. Life Ins. Co., 151 F.3d at 137.  First, the court must determine whether there is a valid arbitration agreement.  Id.  Then, the court must determine whether the dispute between the parties falls within the language of that agreement. Id.; see also CardioNet, Inc. v. Cigna Health Corp., 751 F.3d 165, 172 (3d Cir. 2014).  Both conditions are met here.

Although the Third Circuit has not addressed the issue, other circuits have held that FINRA Rule 12200, constitutes an agreement in writing under the FAA.  See Waterford Inv. Services, Inc. v. Bosco, 382 F.3d 348 (4th Cir. 2012; Kidder, Peabbody & Co., Inc. v. Zinsmeyer Trusts Ptshp., 41 F.3d 861, 863–64 (2d Cir. 1994 (finding that FINRA Rule 12200's predecessor, NASD Rule 10310, constitutes an agreement in writing under the FAA).  Because I find that the dispute falls within the confines of FINRA Rule 12200, I will grant the plaintiff's motion to compel arbitration.